UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD SOLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| SAN ANTONIO INDEPENDENT | § | SA-09-CV-0594 FB (NN) |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING MOTION TO EXTEND DISCOVERY** (Docket entry 41)

The matter before the Court is the plaintiff's motion to extend discovery to allow plaintiff to take two additional depositions (docket entry 41).  The motion is opposed.

Plaintiff filed this motion on July 23, just three days before the discovery cut-off.  In his motion plaintiff explains that he hired new counsel who entered an appearance on July 14 and that new counsel had confirmed with counsel for defendants that three persons would be made available for deposition on July 23 (Ms. Thompson, Assistant Superintendent), on July 26 (Dr. Duron, Superintendent), and on a date to be agreed on by the parties (Mr. Lopez, Board of Trustees member).  On July 23 plaintiff's counsel learned that Mr. Lopez would require a subpoena to be present at the deposition and that defendants would not agree to make the individuals present after the discovery cut-off.  Plaintiff requests an extension of discovery to take Dr. Duron and Mr. Lopez's deposition.

Defendants oppose the motion to extend, arguing that this is the third request to extend discovery, that plaintiff failed to provide written notice of the depositions as requested by defendants' counsel when the depositions were discussed earlier in July, and that plaintiff has not been diligent in using the time set aside for discovery.  Attached to defendants' response are notices of two depositions scheduled by plaintiff in early July, evidencing that deposition

requests earlier in the case were accompanied by a written request for same.

Plaintiff filed a reply to the response in which counsel disagrees with the statement that defendants requested a written notice for the subject depositions.

### Analysis

In the Scheduling Order of September 17, 2009, the Amended Scheduling Order filed on April 23, and the Second Amended Scheduling Order filed on June 11 (docket entries 14, 28 and 38) the court warned that counsel could continue discovery beyond the deadline, but only by agreement, and that there would be no intervention by the Court after the discovery deadline except in extraordinary circumstances.  Whether the parties entered into an agreement regarding the out-of-time depositions, or conditioned producing witnesses on the receipt of a written notice for same, the Court consistently cautioned that discovery outside the deadline would be without court involvement.  The depositions at issue here, even if scheduled, were perilously close to the conclusion of the discovery period.  It was entirely reasonable for defendants to have expected written notice of the depositions as was provided by the previous counsel for plaintiff.  Such practice is further consistent with the rules of procedure.  And given the fact that these depositions were discussed in the waning hours before expiration of the third discovery deadline, prudence suggested that any agreements regarding production of witnesses for deposition would be in writing.  Plaintiff has failed to demonstrate any reason for the eleventh hour discovery other than substitution of counsel two weeks before the expiration of the discovery deadline.  Federal Rule of Civil Procedure 6(b)(1) requires plaintiff to show good cause for a requested extension of deadlines.  Plaintiff has not done so here.

For these reasons, the motion to extend discovery is **ORDERED DENIED**.

**SIGNED** on August 24, 2010.

_Nancy Stein Nowak_
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE