## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD SOLIS, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **CIVIL ACTION NO.** |
| | § | |
| SAN ANTONIO INDEPENDENT | § | **SA-09-CV-0594 FB (NN)** |
| SCHOOL DISTRICT, | § | |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION

TO:   **Honorable Fred Biery**
      **Chief United States District Judge**
      This report and recommendation addresses defendant San Antonio Independent School

District's (SAISD) motion for summary judgment.[1]  In the motion, SAISD seeks a final judgment

in its favor.  After considering the motion,[2] the response,[3] the reply,[4] and the summary-judgment

evidence,[5] I recommend entering summary judgment in favor of SAISD.

   **Nature of the case**.  This case arose from plaintiff Richard Solis's reassignment from high

school principal to high school vice principal.  Solis—a long-time employee of SAISD—served as

principal of Navarro High School for the school year 2006-2007.  Solis complains about being

---

[1]Docket entry # 44.

[2]Docket entry # 44.

[3]Docket entry # 49.

[4]Docket entry # 51.

[5]Docket entry #s 44, 49, 50 & 51.

reassigned to vice principal at Highlands High School for the 2007-2008 school year.[6]  Solis

characterizes the reassignment as a demotion.  Solis complains that although his salary was not

decreased for the 2007-2008 school year, his salary decreased for the 2008-2009 school year.[7]

Solis retired effective June 30, 2009.

On June 23, 2009, Solis filed this case in state court, alleging numerous causes of action

against numerous defendants.  The defendants removed the case to this court.[8]  Solis subsequently

amended his complaint to dismiss claims against all defendants except SAISD and to bring a claim

under section 1983.  That claim alleges a denial of procedural due process.[9]  SAISD moved for

summary judgment.  Summary judgment is appropriate "if the pleadings, the discovery and

disclosure materials on file, and any affidavits show that there is no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law."[10]

**SAISD is entitled to summary judgment because Solis cannot demonstrate a property**

**interest in the position of principal of Navarro High School**.  SAISD maintains it is entitled to

summary judgment because Solis cannot demonstrate a property interest in his continued

employment as a high school principal.  The Fourteenth Amendment of the U.S. Constitution

---

[6]Docket entry # 32 , ¶ 4.5.

[7]*Id*.

[8]Docket entry # 1.

[9]Solis alleged a cause of action for constructive discharge, but there is no cause of action for constructive discharge.  Instead, constructive discharge is one way of demonstrating an adverse employment action for the purpose of proving an employment discrimination claim.  This case does not include a claim for employment discrimination.  Solis referred to a violation of substantive due process in his response to the motion for summary judgment, but Solis's complaint cannot be reasonably construed to state a claim for the violation of  substantive due process.

[10]Fed. R. Civ. P. 56(c).

prohibits a state from depriving "any person of . . . liberty, or property, without due process of law."[11]  "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."[12]  "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it."[13]  "[U]nless the state 'specifically creates a property interest in a noneconomic benefit—such as a particular work assignment—a property interest in employment generally does not create due process property protection for such benefits.'"[14]

Solis maintains he had a property interest in his employment as a high school principal, but the following summary-judgment shows he did not have a property interest.  On May 22, 2006, Solis signed an employment contract with SAISD for the school year 2006-2007.[15]  The contract provided as follows:

> This contract . . . does not assure the Employee of future employment, total salary, or daily rate of pay for future school years.  Employee does not have a property interest in this contract beyond its term. . . . Employee's employment with SAISD is subject to assignment and/or reassignment of position(s) or duties at any time during the contract term by the Superintendent.[16]

---

[11]U.S. Const. amd. XIV.

[12]*Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972).

[13]*Roth*, 408 U.S. at 577.

[14]*Davis v. Mann*, 882 F.2d 967, 973 (5th Cir. 1989) (internal citation omitted).

[15]Docket entry # 44, exh. A1.

[16]*Id.*

3

On May 9, 2007, Solis signed an identical contract for the school year 2007-2008.[17]   On June 27,

2007, SAISD notified Solis that he would be reassigned to a high school academic dean

position—a vice principal position—for the school year 2007-2008.[18]   SAISD advised that Solis's

pay for school year 2007-2008 would remain the same, but his pay would decrease to that of a high

school academic dean position for school year 2008-2009.[19]   On August 16, 2007, unhappy with

the reassignment and resulting loss of pay, Solis filed a charge of discrimination with the EEOC

and a grievance with SAISD.[20]   On June 18, 2008, Solis signed another employment contract for

the school year 2008-2009.[21]   The contract contained the same provisions about property interest

and reassignment.  This evidence shows that Solis did not have a property interest in his former

position as high school principal because his employment contracts provided for reassignment and

created no property right.[22]   Solis presented no summary-judgment evidence showing otherwise.

---

[17]Docket entry # 44, exh. A2.

[18]Docket entry # 50, exh. 4.

[19]Docket entry # 50, exh. 4.

[20]Docket entry # 50, exh. 13, attach. C & D.

[21]Docket entry # 44, exh. A5.

[22]*Accord Kinsey v. Salado Indep. Sch. Dist.*, 950 F.2d 988, 997 (5th Cir. 1992) (stating that the plaintiff cited to no provision in the Texas Education Code, or other source, bestowing a property interest in the position of superintendent); *Thomas v. Smith*, 897 F.2d 154, 155-56 (5th Cir. 1989) (observing that under "the terms of the employment contract, teaching assignments are at the total discretion of the school district" and that because the plaintiff had no statutory, contractual, nor custom-based claim to his assignments at a particular high school, reassignment to different schools and different duties did not infringe a property interest"); *White v. South Park Indep. Sch. Dist.*, 693 F.2d 1163, 1166 (5th Cir. 1982) (explaining that under Texas law, an independent school district may offer fixed term contracts and the fact that a teacher was previously rehired does not evidence an implied contract to renew the employment agreement every year).  *See also Decker v. Univ. of Houston*, Nos. 97-20502 & 98-20123,1998 WL 698920, at * 7 (5th Cir. Sept. 15, 1998) (determining that, in the absence of a written contract or an oral agreement with the university-employer to

When asked during his deposition whether he understood that he had no property interest in being

a principal or a vice principal, Solis answered "yes."[23]  Solis may have had a unilateral expectation

of continuing as a principal, but he had no legitimate claim of entitlement to such.  Thus, Solis had

no property right.  Solis's suggestion that he had a property interest in a reassignment with the

same pay fails for two reasons: (1) Solis's legal authority does not support his argument,[24] and (2)

Solis was offered a position with the same pay but rejected the offer.

  To the extent Solis bases his claim on a liberty interest, "[i]t stretches the concept too far to

suggest that a person is deprived of 'liberty' when he simply is not rehired in one job but remains

as free as before to seek another."[25]  "To establish deprivation of a liberty interest [a plaintiff] must

show, among other things, that he was stigmatized in connection with denial of a right or status

recognized by state law.  Typically, reassignment alone is insufficient to trigger such a liberty

interest."[26]  Solis alleged in his complaint that SAISD's actions stigmatized him and created a

defamatory impression regarding his conduct,[27] but the summary-judgment record contains no

---

accommodate scheduling requests, the plaintiff instructor had no constitutionally protected right in nonconsecutively scheduled courses).

[23]Docket entry # 44, exh. D, p. 56-57.

[24]Solis relies on *Eguia v. Tompkins*, 756 F.2d 1130, 1138 (5th Cir. 1985).  In *Eguia*, the defendant-employer withheld the plaintiff-employee's final paycheck.  In considering whether the plaintiff had a property interest in his final paycheck, the Fifth Circuit stated the following: "There can be no doubt that the plaintiff's interest in his salary and expense reimbursement is a property interest protected by the Constitution."  Solis does not complain about a salary withholding.  Solis complains about not being hired at a prior daily rate.  The decision in *Eguia* has no bearing on this case.

[25]*Roth*, 408 U.S. at 575.

[26]*Thomas*, 897 F.2d at 156.

[27]Docket entry # 32, ¶ 5.9.

evidence of stigma or defamatory impression.  Solis had no liberty interest.[28]

In his complaint, Solis purports to allege a violation of due process under Section 19 of Article I of the Texas Constitution, but Solis set forth no argument about that claim.  By failing to address the claim in response to a motion for a final judgment, Solis effectively waived the claim.  To the extent the claim is viable, Texas law requires Solis to establish a liberty or property interest to prevail under the Texas Constitution.[29]  Solis presented no summary-judgment evidence raising a fact question about a liberty or property interest.

**Recommendation**.  Despite Solis's arguments and the amount of summary-judgment evidence, this case is straightforward.  Solis presented no evidence raising a fact question about a property interest or a liberty interest.  In the absence of a property or liberty interest, Solis cannot establish a violation of procedural due process.  Thus, SAISD is entitled to summary judgment.  I recommend GRANTING SAISD's motion (docket entry # 44) and ENTERING summary judgment in favor of SAISD.  If the district court disagrees and determines that Solis presented summary-judgment evidence raising a fact question about a property interest or a liberty interest, I recommend returning the case to me to then address Solis's argument that he did not receive procedural due process.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1)

---

[28] "To establish a liberty interest sufficient to implicate the fourteenth amendment's safeguards, the employee must show not only that he has been stigmatized, but that he was stigmatized in or as a result of the discharge process; that the charges were made public; and that he was denied a meaningful hearing to clear his name."  *Wells v. Doland*, 711 F.2d 670, 676 (5th Cir. 1983).

[29] *See Hix v. Tuloso-Midway Indep. Sch. Dist.*, 489 S.W.2d 706, 711 (Tex. Civ. App.—Corpus Christi 1972, writ n.r.e.) (stating that failure to rehire teacher hired by annual employment contract did not show loss of liberty or loss of property so as to invoke procedural due process protection).

electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[30]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[31]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[32]

      **SIGNED** on November 30, 2010.


                              *Nancy Stein Nowak*
                              NANCY STEIN NOWAK
                              UNITED STATES MAGISTRATE JUDGE

---

[30]28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[31]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[32]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

7